**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DONNA A. PERRY,** ) | |
| **on behalf of herself and all others** ) | |
| **similarly situated,** ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| **SHECHTMAN HALPERIN SAVAGE, LLP,** ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In this action, plaintiff contends that defendant law firm - a debt collector under the FDCPA – misrepresented that plaintiff owed interest on an alleged consumer debt at the Massachusetts statutory rate of 12% prior to the entry of any court judgment, thus violating 15 U.S.C. §§1692e(2)(A) and 1692e(10). Since this practice appears to be a standard one utilized by the law firm, plaintiff seeks redress on behalf of herself and other similarly situated Massachusetts consumers. Plaintiff further alleges that defendant

violated these statutes by misrepresenting that she owed attorney's fees related to the alleged debt.

### Parties

1. Plaintiff Donna A. Perry is an individual who at all relevant times has resided in Attleboro, Bristol County, Massachusetts.

2. Defendant Shechtman Halperin Savage LLP is a law firm with a principal place of business in Pawtucket, Rhode Island and is, on information and belief, a Rhode Island limited liability partnership.

### Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

5. At all relevant times defendant has been a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

6. Acting as attorney for Beneficial Massachusetts, Inc., defendant drafted a complaint against plaintiff seeking judgment on an alleged debt which plaintiff had obtained primarily for personal, family, or household purposes.  Defendant filed said complaint with the Attleboro Division of the District Court Department of the Massachusetts Trial Court on or about June 25, 2008.

7. Paragraph 3 of the above-referenced complaint stated:

> 3. Defendant [Perry] owes Plaintiff [Beneficial] the principal amount of $4,871.63 under a written agreement held by Plaintiff, together with interest calculated at a rate of 12% per annum from May 07, 2008, on/about which date Defendant was in breach, and a reasonable attorney's fee.

8. On information and belief, the "written agreement" pursuant to which plaintiff was allegedly liable to Beneficial did not provide for an interest rate of 12%.

9. The interest rate claimed by defendant is the Massachusetts statutory rate which, in a contract action, may only be assessed by a Court pursuant to G.L. c. 231, §6C, "upon a verdict, finding or order for judgment for pecuniary damages."

## COUNT I

10. The allegations of paragraphs 1 – 9 are incorporated herein as if fully set forth.

11. Defendant's representation that at the time of filing the complaint plaintiff owed interest on the alleged debt at 12%/annum was false, since statutory interest was not and could not be owed until assessed by a Court pursuant to G.L. c. 231, §6C.

12. Defendant misrepresented the amount of the alleged debt in violation of section 1692e(2)(A) of the FDCPA.

## COUNT II

13. The allegations of paragraphs 1 – 12 are incorporated herein as if fully set forth.

14. Defendant used a false representation and/or deceptive means to attempt to collect the alleged debt, in violation of section 1692e(10) of the FDCPA.

## Class Allegations

15. Plaintiff brings counts I and II of this complaint on behalf of herself and a class of persons similarly situated.  Class members are all persons named as defendants in complaints filed in a Massachusetts trial court within 1 year of the filing of this action

seeking judgment on an alleged consumer debt, which complaint listed defendant as counsel for the creditor and alleged that interest at the rate of 12% per annum was owed, and where the agreement on which the alleged debt was based did not provide for interest to accrue continuously at said rate from date of the alleged breach through time of filing. Excluded from the class are current and former officers, directors, employees, and agents of defendant.  Plaintiff alleges, on information and belief, that including the subject language in collection complaints filed against Massachusetts consumers has been a standard practice of defendant and that defendant has an active consumer debt collection practice; therefore, the class is sufficiently numerous such that joinder is impracticable.

16.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendant is a debt collector under the FDCPA and whether the subject language violates the FDCPA as alleged.

17.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

18.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

19. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages;

(iv) award plaintiff and class members costs and reasonable attorney's fees;

(v) award such further relief as shall be just and proper.

## COUNT III

20. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

21. On information and belief, at the time the complaint was filed plaintiff did not owe an attorney's fee pursuant to the agreement on which she was allegedly liable to Beneficial.

22. Defendant misrepresented the amount and character of the alleged debt in violation of section 1692e(2)(A) of the FDCPA.

## COUNT IV

23. The allegations of paragraphs 1 – 7 and 21 are incorporated herein as if fully set forth.

24. Defendant used a false representation and/or deceptive means to attempt to collect the alleged debt, in violation of section 1692e(10) of the FDCPA.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)     award plaintiff statutory damages;

(ii)    award plaintiff costs and reasonable attorney's fees;

(iii)   award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

                                      DONNA A. PERRY, plaintiff
                                      By her attorney:

                                      */s/Kenneth D. Quat*
                                      BBO #408640
                                      QUAT LAW OFFICES
                                      678 Massachusetts Avenue, Suite 702
                                      Cambridge MA 02139
                                      617-492-0522
                                      kquat@quatlaw.com